[Cite as *Wolford v. Ohio Dept. of Transp., Dist. 8*, 2010-Ohio-5831.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DIANA WOLFORD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant

Case No. 2010-03070-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} On January 31, 2010, plaintiff, Diana Wolford, was traveling east on Interstate 275 in Hamilton County, when her 2008 Hyundai Sonata struck a large pothole causing tire and wheel damage to the vehicle. Plaintiff asserted the property damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazardous conditions such as potholes. Plaintiff filed this complaint seeking to recover damages in the amount of $218.40, the total cost of replacement parts and related repairs. The $25.00 filing fee was paid and plaintiff requested reimbursement of that cost along with her damage claim.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular damage-causing pothole prior to plaintiff's January 31, 2010 described occurrence. Defendant located the pothole "at approximately state milepost 31.00 or county milepost 13.40 on I-275 in Hamilton County." Defendant explained that ODOT records show no prior reports of a pothole at the location despite the fact that the particular "section of roadway on I-275 has an

average daily traffic count between 52,590 and 62,410 vehicles." Defendant argued that plaintiff did not provide any evidence to establish the length of time the particular pothole at milemarker 13.40 was present on the roadway prior to January 31, 2010. Defendant suggested that "it is more likely than not that the pothole existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Additionally, defendant contended that plaintiff did not offer evidence to prove the roadway was negligently maintained. Defendant stated, "[a] review of the six-month maintenance history (record submitted) for the area in question reveals that two (2) pothole patching operations were conducted in the vicinity of plaintiff's incident." The record shows these patching operations were conducted on November 10, 2009 and December 17, 2009. Defendant noted, "that if ODOT personnel had detected any defects they would have been promptly scheduled for repair."

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the

accident.  *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct.  *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  There is no evidence defendant had actual notice of the pothole on Interstate 90 prior to the morning of January 31, 2010.

{¶ 7}  Therefore, to find liability, plaintiff must prove that ODOT had constructive notice of the defect.  The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the defective condition developed.  *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8}  In order for there to be constructive notice, plaintiff must show that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence.  *Guiher v. Dept. of Transportation* (1978), 78-0126-AD.  Size of the defect is insufficient to show notice or duration of existence.  *O'Neil v. Department of Transportation* (1988), 61 Ohio Misc. 2d 287, 587 N.E. 2d 891.  "A finding of constructive notice is a determination the court must make on the facts of each case not by simply applying a pre-set time standard for the discovery of certain road hazards."  *Bussard*, 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.  "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation."  *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183.  No evidence has shown that ODOT had constructive notice of the pothole.

{¶ 9}  Generally, in order to recover in a suit involving damage proximately caused by roadway conditions including potholes, plaintiff must prove that either:  1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently.  *Denis v. Department of Transportation* (1976), 75-0287-AD.  The fact that defendant's "Maintenance History" reflects pothole repairs were made in the vicinity of plaintiff's incident on two occasions before that incident does not prove negligent maintenance of the roadway on the part of ODOT. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective

condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage plaintiff may have suffered from the pothole.

{¶ 10} In the instant claim, plaintiff has failed to introduce sufficient evidence to prove that defendant maintained a known hazardous roadway condition. Plaintiff failed to prove her property damage was connected to any conduct under the control of defendant, or that defendant was negligent in maintaining the roadway area, or that there was any actionable negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DIANA WOLFORD

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 8

    Defendant
    Case No. 2010-03070-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Diana Wolford                                   Jolene M. Molitoris, Director
5200 N. River Road                          Department of Transportation
Springfield, Ohio  45502                    1980 West Broad Street
                                                       Columbus, Ohio  43223

RDK/laa
7/12
Filed 8/9/10
Sent to S.C. reporter 11/23/10